FILETECH S.A. and Filetech U.S.A., Inc., Plaintiffs–Appellants,

v.

FRANCE TELECOM S.A. and France Telecom Inc., Defendants–Appellees.

Docket No. 01–7444.

United States Court of Appeals, Second Circuit.

Argued: April 1, 2002.

Decided: Sept. 10, 2002.

Ron Soffer, (Kenneth M. Tuccillo, on the brief), Hastings, NY, for Plaintiffs–Appellants.

Thomas H. Golden, (Francis J. Menton, Jr., on the brief), Willkie Farr & Gallagher, New York, NY, for Defendants–Appellees.

Before WALKER, Chief Judge, NEWMAN and KEARSE, Circuit Judges.

PER CURIAM.

Plaintiffs-appellants, Filetech S.A. and Filetech U.S.A., Inc. (collectively, "Filetech"), appeal from the March 26, 2001 judgment of the United States District Court for the Southern District of New York (Charles S. Haight, *District Judge*) granting the motion to dismiss of defendants-appellees, France Telecom S.A. and France Telecom Inc. (collectively, "France Telecom"), for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). *See Filetech S.A. v. France Telecom, S.A.*, 212 F.Supp.2d 183 (S.D.N.Y. 2001).

Filetech's complaint alleges that France Telecom abused certain privileges accorded to it under French law and thereby monopolized the United States market for address lists of French residents to be used for marketing purposes, in violation of the Sherman Antitrust Act § 2, 15 U.S.C. § 2. On remand from this court, the district court granted France Telecom's motion to dismiss for lack of subject matter jurisdiction. The district court held that Filetech failed to abrogate the sovereign immunity of France Telecom under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1602 *et seq. Filetech*, 212 F.Supp.2d 183. Filetech appealed.

## BACKGROUND

The factual background of this case has been thoroughly discussed in three prior opinions, familiarity with which is assumed. *See Filetech S.A.R.L. v. France Telecom*, 978 F.Supp. 464 (S.D.N.Y.1997), *vacated by Filetech S.A. v. France Telecom S.A.*, 157 F.3d 922 (2d Cir.1998), *and on remand Filetech*, 212 F.Supp.2d 183, 198.

## DISCUSSION

It is undisputed that France Telecom is a "foreign state" for the purposes of the FSIA and hence is cloaked with presumptive sovereign immunity under that statute. *Filetech*, 212 F.Supp.2d at 190 & n. 8. Accordingly, France Telecom is not amenable to suit in the courts of this country unless Filetech can show the applicability of one of the exceptions to sovereign immunity provided for in the FSIA. *See* 28 U.S.C. § 1604.

■ On appeal, we construe Filetech's somewhat confused appellate brief to argue, as Filetech did below, that France Telecom comes within the "commercial activity" exception set forth in the first or third clause of § 1605(a)(2) of the FSIA. 28 U.S.C. § 1605(a)(2).[1] Reviewing the district court's conclusions of law *de novo* and its findings of fact for clear error, *Robinson v. Malaysia*, 269 F.3d 133, 138 (2d Cir.2001), we affirm the judgment of the district court. We agree that Filetech has failed to establish subject matter jurisdiction over France Telecom by overcoming the sovereign immunity defense of France

---

**1.** Section 1605(a)(2) reads: "A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case—... in which the action is based [1] upon a commercial activity carried on in the United States by the foreign state; or [2] upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or [3] upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States[.]"

Telecom. Filetech has failed to show that (1) given France Telecom's limited activity in the United States in connection with the sale of data processing services for the creation of marketing lists, there was a significant nexus between France Telecom's commercial activity in the United States and Filetech's antitrust claim to invoke the commercial activity exception in the first clause of § 1605(a)(2) of the FSIA; and (2) France Telecom's alleged anti-competitive activity in France had a sufficiently direct effect on United States commerce to invoke the commercial activities exception in the third clause of § 1605(a)(2) of the FSIA. Given the thoroughness and thoughtfulness of Judge Haight's opinion, we fully agree with and adopt his findings of fact, and incorporate his reasoning and conclusions of law as the law of this circuit. *See generally Filetech,* 212 F.Supp.2d 183.

## I. The District Court's FSIA Analysis

One aspect of Judge Haight's fine opinion is worthy of note. With respect to Filetech's effort to invoke the exception for commercial activity abroad provided for in the third clause of § 1605(a)(2), we agree with the district court's finding that Filetech failed to satisfy the "direct effect" test because it "has not shown with even a modicum of detail any instances where American companies were deterred by the [alleged anti-competitive activity of France Telecom abroad] from publishing marketing data from Filetech." *Filetech,* 212 F.Supp.2d at 198 (footnote omitted). We also acknowledge the possibility, suggested by Filetech, that a somewhat diminished showing of a "direct effect" might be warranted in an antitrust action where the plaintiff alleges that the complained of anti-competitive activity prevented entry into the market as opposed to the impairment of competition already underway. However, we need not resolve this ques-

tion now because, whatever the appropriate standard may be, Filetech must produce more evidence of the "direct effect" than the conclusory assertion that "the very fact that U.S. companies are not rushing to purchase French marketing lists from Filetech is evidence" of the "direct effect" of France Telecom's anti-competitive behavior.

In addition, we find no merit in Filetech's claim that the district court unduly focused on the amount of sales made by the parties in the United States. Apart from the obvious importance of this factor, it is evident from Judge Haight's careful analysis that he also considered whether and to what extent France Telecom sought to enter the United States market for mailing lists by advertising or otherwise soliciting business. *See Filetech,* 212 F.Supp.2d at 193–94.

## II. Filetech's Other Objections

■ Filetech raises two additional objections to the district court's judgment that warrant some discussion. First, Filetech contends that although the district court correctly stated the law on the shifting burdens regime under the FSIA, it erred by "de facto" shifting an excessively heavy intermediate burden to it, especially given that the question of jurisdiction was intertwined with the merits of its Sherman Act claim. We disagree.

As the district court correctly found, Filetech produced little if any evidence to meet its burden, whereas France Telecom came forward with ample evidence to refute Filetech's claims and to carry its ultimate burden on the issue of sovereign immunity. This analysis is not altered by the claimed interconnection of the merits and jurisdiction. *See Robinson,* 269 F.3d at 143–44 (acknowledging that "[c]ourts are ... regularly called upon to inquire

into substantive state or federal law to resolve the threshold question of subject matter jurisdiction under the FSIA") (collecting cases).

Filetech also claims that the district court erred in resolving disputed issues of fact and granting France Telecom's motion to dismiss without holding at least an evidentiary hearing. According to Filetech, this court on remand "implied, if it did not specifically state, that an evidentiary hearing was necessary." These claims are without merit.

■ It is plain from our prior opinion that it vested the matter of whether to hold an evidentiary hearing in the district court's discretion: "The district court should consider all the submissions of the parties and *may* hold an evidentiary hearing, *if it considers that such a hearing is warranted*, in resolving the question of jurisdiction." *Filetech*, 157 F.3d at 932 (emphasis added); *cf. Reiss v. Societe Centrale Du Groupe Des Assurances Nationales*, 235 F.3d 738, 748 (2d Cir.2000) (expressly requiring a hearing by instructing on remand that "[w]e think it essential for the district court to afford the parties the opportunity to present evidentiary material at a hearing on the question of FSIA jurisdiction"). Furthermore, Filetech has not shown that a hearing was necessary because the resolution of factual issues was "not readily ascertainable from the declarations of witnesses" or turned on questions of credibility. *United Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 858 (9th Cir.1992). Given the dearth of evidence produced by Filetech in response to France Telecom's strongly supported defenses, the disputed fact issues were "readily ascertainable" from the record and thus the district court did not abuse its discretion in resolving these issues without holding a hearing.

Because Filetech has failed put forth sufficient evidence under 28 U.S.C. § 1605(a)(2) to abrogate France Telecom's immunity to suit as a foreign sovereign, we do not need to reach Filetech's other arguments in support of subject matter jurisdiction, which depend upon the absence of sovereign immunity. *See Saudi Arabia v. Nelson*, 507 U.S. 349, 355, 113 S.Ct. 1471, 123 L.Ed.2d 47 (1993) (noting that the FSIA "provides the sole basis for obtaining jurisdiction over a foreign state in the courts of this country") (citation and internal quotation marks omitted).

## CONCLUSION

The judgment of the district court is affirmed.